UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YOHAN FLAME-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01032-TWP-DML ) |
| TOM FRANCUM, WALTER PETERSON, ERICA SIDES, | ) ) ) ) ) |
| Defendants. | ) |

**Order Screening Amended Complaint
and Directing Issuance and Service of Process**

Plaintiff Yohan Flame-Bey filed this action on April 4, 2018. His original complaint was dismissed for non-compliance with Fed. R. Civ. P. 8(a)(2). Mr. Flame-Bey has now paid the initial partial filing fee and filed an amended complaint. The amended complaint is now subject to screening pursuant to statute.

**I. Screening of the Complaint**

**A. Legal Standard**

Because Mr. Flame-Bey is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court must construe *pro se* pleadings liberally, and hold *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**B.     Mr. Flame-Bey's Claims**

Mr. Flame-Bey, an Indiana prisoner incarcerated in the Pendleton Correctional Facility (PCF), assert two claims each against defendants Indiana Department of Correction (IDOC) employees Walter Peterson and D. Abraham. Sometime in late 2013, Mr. Flame-Bey was being transported from PCF to the Marion County Jail to be held pending a criminal trial in Marion County. As he was at the back gate of the PCF, IDOC employees searched all of his legal materials, confiscating a large portion of the materials and turning them over to the Marion County Prosecuting Attorney's Office. Mr. Flame-Bey filed a grievance on this conduct, and thereafter filed a federal civil rights lawsuit against the employees.

On March 30, 2016, Mr. Flame-Bey was again at the back gate of PCF awaiting transport to the Marion County Jail for another state court hearing. He had with him his legal materials so that he could work on making an upcoming deadline in the civil rights lawsuit he had pending. Defendant D. Abraham, at the direction of defendant Walter Peterson, searched his legal materials

and confiscated a large portion that pertained to his federal civil suit against Peterson. Eight months later most of the legal materials were returned to Mr. Flame-Bey, but by then he was unable to meet the deadline to amend his complaint and his lawsuit was dismissed.

Mr. Flame-Bey contends that Peterson's direction to Abraham, and Abraham's following of that direction and confiscation of his legal materials (1) was an unconstitutional retaliation against him for his exercise of his First Amendment rights to file grievances and lawsuits, and (2) an unconstitutional interference with his First Amendment right of access to the courts. He seeks declaratory relief and monetary damages.

### C. Analysis

Construing the amended complaint liberally, as the Court is required to do at the screening stage, Mr. Flame-Bey's two claims **shall proceed** against both defendants as plead. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (court obligated at this stage to accept all allegations as true and draw all reasonable inferences in plaintiff's favor); *Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (discussing access to courts claims); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (discussing First Amendment retaliation claims).

## II. Obligation to Update Address

The Court must be able to communicate with *pro se* parties through the United States mail. Mr. Flame-Bey shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

## III. Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Walter Peterson and D. Abraham in the manner specified by Rule 4(d). Process shall consist of the

complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## IV. Update Court Docket

The **clerk is directed** to update the docket to reflect Walter Peterson and D. Abraham as the only remaining defendants to this action. All other defendants were dismissed in the screening entry of April 5, 2018. *See* Dkt. [4].

## V. Summary of Actions Taken

The Court has (1) screened the amended complaint and directed that it shall proceed as plead against defendants (a) Walter Peterson and (b) D. Abraham; (2) designated the clerk to issue process to these defendants; and (3) directed the clerk to modify the docket to reflect Walter Peterson and D. Abraham as the only remaining defendants.

**IT IS SO ORDERED**.

Date: 5/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Yohan Flame-Bey
148865
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

By electronic service to Pendleton Correctional Facility:
	Walter Peterson
	D. Abraham